IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,704-01







EX PARTE KERRY JON AITCHISON, AKA KERRY JON ATKINSON, AKA KERRY
ATTCHISON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 21028-A IN THE 42ND JUDICIAL DISTRICT COURT

FROM TAYLOR COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to ninety-nine years' imprisonment. The
Eleventh Court of Appeals affirmed his conviction. Aitchison v. State, No. 11-03-00187-CR (Tex.
App. - Eastland, January 31, 2005, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to request a mistrial when it was learned that jurors had seen Applicant being escorted
into or out of the courtroom in handcuffs and shackles, failed to file a pre-trial motion to suppress
evidence of money that was seized from Applicant, failed to present available witnesses and
evidence of the true source of that money, and for failing to preserve error by timely objecting to the
introduction of the money at Applicant's trial. 

 On April 1, 2009, this Court remanded the matter to the trial court to obtain findings of fact
and affidavits addressing Applicant's allegations of ineffective assistance of counsel. This Court
received supplemental documents on August 7, 2009, and findings of fact accompanied by an
affidavit from trial counsel on September 24, 2009. In the trial court's findings of fact, the court
referred several times to an earlier affidavit provided by counsel, in addition to the affidavit that was
included in the supplemental record. However, the earlier affidavit of counsel is not included in the
habeas record or in the supplemental record. 

 The trial court shall supplement the habeas record with an official copy of trial counsel's
earlier affidavit. This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are granted,
a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court. 




Filed: November 4, 2009

Do not publish